FILED
SUPERIOR COURT
OF GUAM

2023 JAN -3 PM 2: 49

CLERK OF COURT

BY:_____



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PIA CORPORATION by and through its sole and representative director, DAISUKE YAMANOI,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | CIVIL CASE NO. CV0348-22<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant Government of Guam's Motion to Dismiss pursuant to GRCP 12(b)(1), (5), and (6)* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 11, 2022, for a hearing on Defendant Government of Guam's ("the Government") Motion to Dismiss. Present at the hearing were: Attorney Seth Forman for Plaintiff Pia Corporation ("Pia"), and Assistant Attorney General Heather Zona for the Government. Having considered the arguments, briefs, and applicable law, the Court hereby **GRANTS** the Government's Motion to Dismiss.

## BACKGROUND

The instant case arises from Pia's Complaint, which was filed on June 15, 2022, and served on the Government on June 16, 2022. In the Complaint, Pia claims that the statute and procedures under which its funds were taken by the Government are unconstitutional and deprive Pia of due process because (1) there was insufficient notice to Pia, and (2) there was no judicial or administrative review before its property was taken. *See* Compl. p. 3 (Jun. 15, 2022).

On August 1, 2022, the Government filed the instant Motion seeking dismissal pursuant to the Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(1), (5), and (6). About 10 Days later, on August 11, 2022, Pia filed its Opposition. Then on August 25, 2022, the Government filed its Reply. A hearing on the instant Motion was held on October 11, 2022, where the parties made their arguments, and the Court took the matter under advisement.

## DISCUSSION

### I. MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER—GRCP 12(B)(1)

#### a. Jurisdiction of Superior Court

GRCP Rule 12(b)(1) provides for the dismissal of a civil action where a court lacks jurisdiction over the subject matter. *See* Guam R. Civ. P. 12(b)(1). The Superior Court's subject matter jurisdiction is generally set forth in Title 7 GCA Section 3105:

> The Superior Court shall have original jurisdiction over all causes of action, and, except for those causes exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature.

7 GCA § 3105. Sovereign immunity implicates a court's subject matter jurisdiction. *Sumitomo Const., Co., Ltd. v. Government of Guam*, 2001 Guam 23 ¶ 22; *see* also *Wood v. Guam Power Auth.*, 2000 Guam 18 ¶ 10. The "waiver of sovereign immunity is jurisdictional in nature so

that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim." *Pacific Rock Corp. v. Department of Educ.*, 2001 Guam 21 ¶ 18; citing *Johnson v. United States*, 2000 WL 968795 * 2 (D. Kan. 2000).

### i. Sovereign Immunity

The sovereign immunity of the government exists under both the common law and the Organic Act. *See Guam Police Dept. v. Superior Court of Guam*, 2011 Guam 8 ¶ 7; citing *Marx v. Government of Guam*, 866 F.2d 294, 297-98 (9th Cir. 1989); 48 USC § 1421a. Section 1421a of the Organic Act provides in pertinent part:

> The government of Guam shall have the powers set forth in this Act, shall have power to sue by such name, and, *with the consent of the legislature evidenced by enacted law, may be sued upon any contract entered into with respect to, or any tort committed incident to, the exercise by the government of Guam of any of its lawful powers.*

*Sumitomo*, 2001 Guam 23 ¶ 8; 48 U.S.C. § 1421a (emphasis included). Under the Organic Act, sovereign immunity can only be waived by duly enacted legislation. *Id.* at ¶ 9; 48 U.S.C. § 1421a; *see* also *Wood,* 2000 Guam 18 ¶ 10. Unless such legislation exists, the government cannot be sued. *Id.*; citing *Wood.,* 2000 Guam 18 ¶ 10.

Pia brings their action in the instant case pursuant to Title 11 GCA Section 106119(o), which states:

> There shall be no statute of limitations as to claiming dormant bank accounts. All claims against the government of Guam for balances of accounts which have been transferred as inactive or dormant accounts to the government of Guam by any bank must be initiated by a claim against the government of *Guam under the Claims Act, within one (1) year of the date of transfer.*

11 GCA § 106119(o) (emphasis added). Therefore, the Court's analysis of subject matter jurisdiction begins with sovereign immunity under the Government Claims Act.

*1. Waiver of Sovereign Immunity under the Guam Claims Act*

The Guam Legislature has specifically provided a *limited* waiver of the Government of Guam's sovereign immunity through the Government Claims Act. *Guam Police Dept.*, 2011 Guam 8 ¶ 8 (emphasis added); citing 5 GCA § 6101. The Government Claims Act provides:

> The Government of Guam hereby waives immunity from suit, but *only as hereinafter provided*:
>
> (a) for all expenses incurred *in reliance upon a contract* to which the Government is a party, but if the contract has been substantially completed, expectation damages may be awarded;
>
> (b) for *claims in tort, arising from the negligent acts* of its employees acting for and at the direction of the government of Guam, even though occurring in an activity to which private persons do not engage....

*See* 5 GCA § 6105. In other words, "sovereign immunity is explicitly waived by statute for certain governmental actions that are *contractual in nature or that sound in tort*." *Guam Police Dept.*, 2011 Guam 8 ¶ 8 (emphasis added).

Pia argues that Title 11 GCA Section 106119(o) waives the Government's sovereign immunity. *See* Pl's Opp'n pp. 4 – 5 (Aug. 11, 2022). However, the Complaint reflects that Pia's action is one for an alleged procedural due process violation. *See* Compl. p. 3 (Jun. 15, 2022). Therefore, while the statute for inactive accounts and unclaimed funds directs Pia to bring an action under the Guam Claims Act, the limited waiver of sovereign immunity does not apply to the instant case because Pia's action is neither an action brought in reliance on a contract nor a claim for negligence arising from the government. *See* 11 GCA § 106119(o); 5 GCA § 6105. As such, the Court finds that the Government Claims Act did not waive the Government's sovereign immunity in the context of the instant case, and Pia's claim is, thereby, barred by the Government's sovereign immunity.

### 2. Failure to Name the appropriate Party

Further, the Government relies on *Town House Dep't Stores, Inc., v. Dep't of Educ.,* 2012 Guam 25 ¶ 35, for the contention that "naming a government agency is a requirement to waiving the government's sovereign immunity." Def's Mot. p. 8 (Aug. 1, 2022). However, the holdings of such authority stand for invoking a waiver of sovereign immunity under the Guam Procurement Law, which is not applicable here. *See Town House Dep't Stores, Inc., v. Dep't of Educ.,* 2012 Guam 25 ¶¶ 31 – 35. As such, the Court does not further entertain the Government's argument and now turns to the statute of limitations.

### ii. Statute of Limitations

Title 11 GCA Section 106119 establishes that "all claims against the government of Guam for balances of accounts which have been transferred as inactive or dormant accounts to the government of Guam by any bank must be initiated by a claim against the government of Guam under the Claims Act, *within one (1) year of the date of transfer." See* 11 GCA § 106119(o) (emphasis added).

Here, Pia alleges:

> FHB deducted a $55.00 "abandoned account fee" from the account on December 24, 2018, and then deducted the entire remaining balance of $440,506.96 on December 26, 2018.

Compl. p. 2 (Jun. 15, 2022). Pia brought the instant action against the Government on June 15, 2022. Therefore, Pia's action was brought a little less than three and a half years after the transfers were made. As such, Pia's action far exceeds the one-year statute of limitations provided in Title 11 GCA section 106119(o). The Court finds that Pia's claim is barred by the statute of limitations and now turns to the Government's second bases for dismissal.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED—GRCP 12(B)(6)

Generally, GRCP Rule 8 provides, in relevant part that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading*, not fact pleading." *Id.* (emphasis added); citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see also Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard," and instead endorsed the *Conley* standard: "A complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27; citing *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52.

Further, GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ukau*, 2016 Guam 26 ¶ 26; quoting *Core Tech.*, 2010 Guam 13 ¶ 52. Beyond this, the

Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. See Id.* at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is *limited* to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech,* 2010 Guam 13 ¶ 29 (emphasis added).

### a. Procedural Due Process

The basic elements of procedural due process are reasonable notice and an opportunity to be heard. *Guam Election Com'n v. Responsible Choices for all Adults Coalition,* 2007 Guam 20 ¶ 86; citing *People v. Superior Court of Guam,* 2001 Guam 26 ¶ 26. Title 11 GCA Section 106119(d) establishes the notice requirement for a dormant account:

> (d)(1) Prior to transferring the balance of any accounts to the Treasurer of Guam as provided in Subsections (a) [savings account] and (c) [check account] of this Section, a Bank *shall send written notice* to the depositor at the depositor's last known address informing the depositor that the depositor s [sic] account is subject to this Section if:
>
>> (A) a bank has in its records an address for the depositor which the bank's records do not disclose to be inaccurate; and
>>
>> (B) the account contains Twenty-five Dollars ($25) or more.
>
> (2) The notification required in item (d)(1) of this Section shall be performed before October 1 of each year for accounts that are inactive as of June 30 next preceding.

11 GCA § 106119(d)(1) – (2) (emphasis added). Further, Title 11 GCA Section 106119(o) provides parties with an opportunity to be heard:

> All claims against the government of Guam for balances of accounts which have been transferred as inactive or dormant accounts to the government of Guam by any bank must be initiated by a claim against the government of Guam under the Claims Act, within one (1) year of the date of transfer.

*See* 11 GCA § 106119(o).

According to the Complaint, Pia "did not become aware of the escheat until February of 2021," due to "language issues, the deaths of corporate principals, and changes in management." *See* Compl. p. 2 (Jun. 15, 2022). Pia further alleges:

> The statute and procedures under which plaintiff Pia Corporation's funds were taken by Defendant Government of Guam are unconstitutional and deprived Pia Corporation of Due Process because there was *insufficient notice* to Pia Corporation and there was no judicial or administrative review before Pia Corporation's property was escheated.

Compl. p. 3 (Jun 15, 2022). Even in viewing the pleadings in a light most favorable to Pia, as the non-moving party, the Court finds that Pia fails to state a claim for which relief can be granted for several reasons. First, Title 11 GCA Section 106119(d)(1)-(2), as cited above, provides the procedure for the notice requirement, and Section 106119(o) provides the procedure for the opportunity to be heard. As such, the Court finds the statute to be constitutional, and Pia can prove no set of facts beyond reasonable doubt to the contrary.

Second, Pia alleges that notice was "insufficient." However, the Court notes that Pia only became aware of the escheat due to its own circumstances. The alleged "language issues, deaths of corporate principals, and changes in management," within Pia itself, do not entitle them to relief based on "insufficient notice."

Third, even if Pia sufficiently alleged "insufficient notice," Pia's claim against the Government under the Government Claims Act is untimely and, thereby, barred by the statute of limitations. The statute requires Pia to bring its action against the Government for balances transferred as inactive accounts within one year of the date of transfer. As discussed above, Pia's action was brought a little less than three and a half years after the transfers were made.

Finally, and as previously discussed, the Government's sovereign immunity was not waived under the Government Claims Act, because Pia's claim appears to be one for an alleged

procedural due process violation—not an action brought in reliance on a contract, nor a claim for negligence arising from the government. As such, Pia's claim falls outside the bounds of the Government's limited waiver of sovereign immunity under the Guam Claims Act, and is thereby barred by sovereign immunity. *See* 5 GCA § 6105. The Court arrives at this conclusion without consideration of documents outside the Complaint following the standard of reviewing a GRCP 12(b)(6) motion. Finally, the Court addresses the Government's third bases for dismissal.

### III. MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS— GRCP 12(B)(5)

GRCP Rule 12(b)(5) provides for the dismissal of a civil action where there is insufficient service of process. *See* Guam R. Civ. P. 12(b)(5). GRCP Rule 4 establishes the requirements for serving the Government of Guam:

(i) Serving the Government of Guam Its Agencies, Corporations, Officers, or Employees.

(1) Serving upon the government of Guam shall be effected:

> (A) by *delivering* a copy of the summons and of the complaint to the Attorney General or to an assistant attorney general or clerical employee designated by the Attorney General *in writing filed by the clerk of court or* by sending a copy of the summons and of the complaint *by registered or certified mail* addressed to the office of the Attorney General.

Guam R. Civ. P. 4(i)(A) (emphasis added).

Here, the Complaint was stamped filed by the Superior Court of Guam on June 15, 2022. According to the Declaration of Service by Andrea Babauta, a copy of the Summons and Complaint was served on the Government on June 16, 2022, and the same was stamped received by "BAguon." *See* Decl. Ser. (Aug. 5, 2022). It appears that the Government raised the argument of sufficient service of process in its Motion to Dismiss, which was filed on August 1, 2022. The Court notes that the Government's Motion predates the filing of Pia's

Declaration of Service, which appears to reflect sufficient the service of process under GRCP Rule 4(i)(1)(A). The Court finds that service of process was sufficient.

The Court finds that (1) Pia's claim is barred by sovereign immunity; (2) Pia's claim is barred by the statute of limitations; (3) Pia fails to state a claim for which relief can be granted; and (4) while service of process was sufficient, the Government's motion to dismiss must still be granted for the previous reasons.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant Government's Motion to Dismiss.

IT IS SO ORDERED ___JAN 0 3 2023___.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
Rosen S
AG
Date:_____ Time:_1/3/23_
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam